IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KEVIN R. STEWART,                          )
                                           )
            Plaintiff,                     )
                                           )
v.                                         )    Case No. 20-2461-JAR-GEB
                                           )
UNITED PARCEL SERVICES, INC.,              )
                                           )
            Defendant,                     )
                                           )

MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Kevin R. Stewart's Motion for Leave to File Amended Complaint (**ECF No. 42**). The Court has thoroughly considered Plaintiff's Motion, Memorandum in Support (ECF No. 43), Defendant's Response (ECF No. 44) and Plaintiff's Reply and Revised Amended Complaint (ECF No. 46) and is now prepared to rule. For the reasons set forth below, Plaintiff's Motion is **GRANTED**.

I.      **Background[1]**

This is an employment discrimination case in which Plaintiff Kevin R. Stewart alleges his current employer, Defendant United Parcel Service, Inc. ("UPS") discriminated and retaliated against him and subjected him to unlawful harassment on the basis of his

---

[1] Unless otherwise indicated, the information recited in this section is taken from the following: Complaint (ECF No. 1); Answer (ECF No. 10); Amended Answer (ECF No. 31); the parties' Planning Report (not filed; maintained in chambers file); the briefing surrounding the pending motion (ECF Nos. 42-44, 46); and the Proposed First Amended Complaints (ECF Nos. 43-1, 46-1.) This background information should not be construed as judicial findings or factual determinations.

race and for engaging in protected activity in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq. Plaintiff seeks injunctive and declaratory relief, actual and compensatory damages, punitive damages, and reasonable attorneys' fees and costs as remedies for Defendant's alleged violation of his rights. Defendant denies all allegations.

A Scheduling Order was entered which established, among other deadlines, a deadline to file a motion to amend the pleadings. (ECF No. 21.) Defendant UPS timely filed a motion for leave to amend its Answer, which Plaintiff did not oppose (ECF No. 25, Order, ECF No. 27). Shortly thereafter, Plaintiff's original attorney withdrew from the case, and substitute counsel entered an appearance. (Order, ECF No. 32; Entries, ECF Nos. 29-30.) Plaintiff sought leave to amend the Scheduling Order to provide his new counsel an opportunity to get acquainted with the case and address deadlines which had already lapsed. Defendant agreed with all proposed modifications to the schedule, aside from permitting an extension for the parties to seek leave to amend the pleadings. (*See* Motion, ECF No. 35; Response, ECF No. 38; Order, ECF No. 41.) The undersigned found good cause to extend all deadlines, including the deadline for amendment, and filed a Revised Scheduling Order. (ECF No. 41.) Plaintiff filed his motion for leave to amend the complaint shortly thereafter. (Motion, ECF No. 42.) The schedule has since been modified further, including establishing a May 25, 2022 deadline for discovery. (Order, ECF No. 54.)

## II.     Plaintiff' Motion for Leave to Amend the Complaint (ECF No. 42)

The original Complaint contains three counts: race discrimination (Count I); harassment and hostile work environment (Count II); and retaliation (Count III). Plaintiff seeks to amend his complaint to add Count IV, breach of contract under section 301 of the

Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA"). (ECF No. 42, 43, 46-1 at

16.) He contends Defendant breached the terms of the Collective Bargaining Agreement

("CBA") between Defendant UPS and the International Brotherhood of Teamsters, which

includes The Central Region of Teamsters a/k/a Teamsters Central Region ("Union"). The

CBA governs operations at Defendant's facilities and covers all employees, like Plaintiff,

who are Union members. (ECF No. 46-1 at 16.)

### A.    Legal Standards

The standard for permitting a party to amend his or her pleadings is well established.

A party may amend its pleading as a matter of course under Fed. R. Civ. P. 15(a)(1), either

before the responding party answers or within 21 days after service of a responsive

pleading. However, in cases such as this where the time to amend as a matter of course has

passed, without the opposing party's consent a party may amend its pleading only by leave

of the court under Rule 15(a)(2).

Rule 15(a)(2) provides leave "shall be freely given when justice so requires," and

the decision to allow an amendment is within the sound discretion of the court.[2] The court

considers a number of factors in deciding whether to allow an amendment, including

timeliness, prejudice to the other party, bad faith, and futility of amendment.[3] In exercising

its discretion, the court must be "mindful of the spirit of the federal rules of civil procedure

---

[2] *See J. Vangel Elec., Inc. v. Sugar Creek Packing Co.*, No. 11–2112–EFM, 2012 WL 5995283, at *2 (D. Kan. Nov. 30, 2012) (citing *Panis v. Mission Hills Bank*, 60 F.3d 1486, 1494 (10th Cir. 1995)).

[3] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Monge v. St. Francis Health Ctr., Inc.*, No. 12–2269–EFM-JPO, 2013 WL 328957, at *2 (D. Kan. Jan. 10, 2013), *report and recommendation adopted*, 2013 WL 328986 (D. Kan. Jan. 29, 2013).

to encourage decisions on the merits rather than on mere technicalities."[4]  The Tenth Circuit

Court of Appeals acknowledged that Rule 15 is intended "to provide litigants 'the

maximum opportunity for each claim to be decided on its merits rather than on procedural

niceties,'"[5] especially in the absence of bad faith by an offending party or prejudice to a

non-moving party.[6]

### B.    Parties' Positions

Plaintiff argues his motion was timely filed pursuant to the Scheduling Order, and

Defendant will suffer no prejudice because plenty of time remains for discovery, no

depositions had been taken as of the time of the motion filing, and much of the facts

supporting his claim regarding the CBA were previously plead in the Complaint.

(Response, ECF No. 43 at 3.) He contends Defendant's own earlier motion to amend its

Answer acknowledged Plaintiff's "claims require an interpretation of a collective

bargaining agreement." (*Id.* at 4, citing ECF No. 26 at 1.)

Plaintiff states this would be his first amendment to the Complaint, and he does not

foresee any further amendments. Plaintiff maintains he seeks the amendment in good faith

and notified defense counsel of his anticipated amendment prior to seeking amendments to

the scheduling order. (*Id.* at 4.)

---

[4] *Hinkle v. Mid-Continent Cas. Co.*, No. 11–2652–JTM-KMH, 2012 WL 2581000, at *1 (D. Kan. July 3, 2012) (citing *Koch v. Koch Indus.*, 127 F.R.D. 206, 209 (D. Kan. 1989)).

[5] *Carefusion 213,* 2010 WL 4004874, at *4 (citing *Minter,* 451 F.3d at 1204) (quoting *Hardin v. Manitowoc–Forsythe Corp.,* 691 F.2d 449, 456 (10th Cir. 1982)).

[6] *See AK Steel Corp. v. PAC Operating Ltd. P'ship*, No. 15-9260-CM-GEB, 2016 WL 6163832, at *4 (D. Kan. Oct. 24, 2016) (collecting cases; internal citations omitted).

Defendant UPS opposes the amendment on a single basis, arguing the amendment is futile. Defendant contends Plaintiff's Section 301 allegations are subject to a six-month statute of limitations, which has long since passed. (Response, ECF No. 44 at 1.) Defendant also contends Plaintiff's Section 301 allegations are factually and legally deficient, because Plaintiff's initially proposed amended Complaint does not allege a breach of the duty of fair representation by the Union, which is a prerequisite for bringing a Section 301 claim against the company. (*Id.* at 2.)

In Plaintiff's Reply brief,[7] he included a revised Amended Complaint that included several additional paragraphs of factual contentions related to the CBA and Union, which he believes satisfies Defendant's alleged factual insufficiencies. (ECF No. 46, 46-1.) In his revised proposed Amended Complaint, Plaintiff alleges he was represented by the Union each time he filed a grievance, yet both UPS and the Union failed to hear his grievances, and the Union continues to fail to fairly represent him and therefore has violated its duty of fair representation. (ECF No. 46-1 at 10, ¶¶ 69-74.)

## C.    Discussion

The Court considers Plaintiffs' motion on the Rule 15 analysis by addressing the following factors: timeliness, prejudice to the other party, bad faith, and futility.

---

[7] Plaintiff's Reply brief also alleges Defendant's Response was due September 6, 2021, yet was not filed until September 7, making its response untimely. (Reply, ECF No. 46 at 1.) However, September 6, 2021 was Labor Day, a federal holiday. Pursuant to Fed. R. Civ. P. 6(a)(1)(C), "if the last day [of the period] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Therefore, Defendant's response was properly filed the day following the holiday, September 7.

### 1.   Timeliness

Defendant UPS offers no argument regarding timeliness, and as noted above, Plaintiff filed his motion on the deadline established in the Revised Scheduling Order. Therefore, the motion is considered timely.

### 2.   Bad Faith

For the party opposing amendment to succeed on a claim of bad faith amendment, "[t]he movant's bad faith must be apparent from evidence of record," such as awareness of facts and failure to include them in the original complaint.[8] "Bad faith" is defined as "dishonesty of belief, purpose or motive."[9]

Defendant UPS also offers no argument regarding bad faith, and the Court finds no evidence support a finding of bad faith. The motion will not be denied on the basis of bad faith.

### 3.   Undue Prejudice

As the party opposing the amendment, Defendant bears the burden to demonstrate undue prejudice within the meaning of Rule 15.[10] Under Rule 15, "undue prejudice" means "undue difficulty in prosecuting or defending a lawsuit as a result of a change of tactics or theories on the part of the movant."[11] While any amendment invariably causes some

---

[8] *See Koch*, 127 F.R.D. at 211 (internal citations omitted).

[9] "Bad Faith," Black's Law Dictionary (11th ed. 2019).

[10] *Carefusion 213*, 2010 WL 4004874, at *4 (internal citations omitted).

[11] *Id.* (citing *U.S. v. Sturdevant,* No. 07–2233–KHV–DJW, 2008 WL 4198598, at *3 (D. Kan. Sept. 11, 2008) (citing *Minter*, 451 F.3d at 1208; *Jones v. Wildgen,* 349 F. Supp. 2d 1358, 1361 (D. Kan. 2004))).

"practical prejudice," undue prejudice means the amendment "would work an injustice to" Defendant.[12]

Considering this "most important factor,"[13] the Court finds Defendant does not demonstrate prejudice sufficient to prohibit the proposed amendment. In fact, Defendant presents no prejudice argument. This case is months from the May 2022 discovery deadline, with discovery ongoing and mediation now set to occur within the next 30 days. Given Defendant's notice of this potential claim since before the most recent schedule revision, the Court finds any prejudice to Defendant to be minimal at best, rather than undue. For these reasons, the Court finds no more than practical prejudice, which will not prevent amendment.

### 4.    Futility

Finding Plaintiff's request to amend is timely, lacks bad faith, and no undue prejudice exists, the Court must consider whether the amendment would be futile. As the party opposing amendment, Defendant bears the burden of establishing its futility.[14] "A proposed amendment is futile if [the proposed claim] would be subject to dismissal."[15] The proposed pleading is then analyzed using the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). When utilizing this standard, "the court must accept as true all

---

[12] *Id*. (citing *Sturdevant,* 2008 WL 4198598, at *3; other internal citations omitted).

[13] *Minter*, 451 F.3d at 1207 (noting, "The second, and most important, factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party.")

[14] *Neonatal Prod. Grp., Inc. v. Shields*, No. 13-2601-DDC-KGS, 2015 WL 1957782, at *2 (citing *Boykin v. CFS Enter., Inc.,* No. 08–2249–CM–GLR, 2008 WL 4534400, at *1 (D. Kan. Oct. 6, 2008)).

[15] *BAC Local Union 15 Welfare Fund v. McGill Restoration, Inc.*, No. 16-CV-2082-JAR-TJJ, 2016 WL 7179464, at *3 (D. Kan. Dec. 9, 2016) (citing *Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008)).

well-pleaded factual allegations and view them in the light most favorable to the pleading party."[16] Only if the court finds "the proposed claims do not contain enough facts to state a claim for relief that are plausible on their face or the claims otherwise fail as a matter of law"[17] should the court find the amendment futile.

The Court first reviews Defendant's contention that Plaintiff's Section 301 allegations are factually and legally deficient because Plaintiff's proposed amended Complaint did not allege a breach of the duty of fair representation by the Union, which is a prerequisite for bringing a Section 301 claim against the company. (ECF No. 44 at 2.) As noted above, the Court finds Plaintiff cured any such deficiency by adding the factual and legal allegations regarding such breach of duty to his revised proposed pleading submitted with his Reply brief. (ECF No. 46-1.) Although new amendments to the pleadings submitted in a reply brief is not a preferred method, and parties are tasked with presenting their proposed amended pleading with their initial motion seeking leave to amend,[18] the Court finds any error harmless and will not bar the amendment on this basis.

---

[16] *Carefusion 213*, 2010 WL 4004874, at *5 (citing *Anderson v. Suiters,* 499 F.3d 1228, 1238 (10th Cir. 2007) (internal citations omitted)).

[17] *Id*. (citing *Raytheon Aircraft Co. v. U.S.,* 501 F. Supp. 2d 1323, 1327 (D. Kan. 2007); *see also Burnett v. Mortgage Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).

[18] *See* D. Kan. Rule 15.1, requiring a "party filing a motion to amend or a motion for leave to file a pleading or other document that may not be filed as a matter of right must: (1) set forth a concise statement of the amendment or leave sought; (2) attach the proposed pleading or other document . . ."

With regard to Defendant's statute of limitations argument, there exists a legitimate question of what limitations period applies to Plaintiff's proposed breach of contract claim. As noted by the Tenth Circuit Court of Appeals,

> "Section 301 of the LMRA extends federal *jurisdiction* to '[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce.' 29 U.S.C. § 185(a). However, **no federal *statute of limitations* expressly applies to LMRA § 301 actions. "In such situations ... our task is to 'borrow' the most suitable statute or other rule of timeliness from some other source**."[19]

In *United Gov't Sec. Officers of Am. Int'l Union v. Am. Eagle Protective Serv. Corp.*, a union sued an employer for declaratory relief under a CBA and to compel arbitration of an employee's grievance.[20] The U.S. District Court for the District of Utah granted summary judgment to the employer on the six-months limitations issue, and the union appealed. The Tenth Circuit affirmed, finding the six-month period for filing unfair labor practice claims under the National Labor Relations Act, 29 U.S.C. § 160(b) ("NLRA"), rather than Utah's six-year statute of limitations for breach of contract claims, applied to actions brought under LMRA to compel arbitration of a grievance.[21]

In *Poole v. Sw. Bell Tel. L.P.*,[22] plaintiffs Vicki L. Poole and Bert Poole sued Vicki's former employer for tort claims, as well as alleging the union breached its duty of fair representation when dealing with her grievance. The case was filed more than eight months

---

[19] *United Gov't Sec. Officers of Am. Int'l Union v. Am. Eagle Protective Serv. Corp.*, 956 F.3d 1242, 1243–44 (10th Cir. 2020) (quoting *DelCostello v. Int'l Bhd. Of Teamsters*, 462 U.S. 151, 158 (1983)) (emphasis added).

[20] *Id.*

[21] *Id.*

[22] *Poole v. Sw. Bell Tel. L.P.*, 86 F. App'x 372, 373 (10th Cir. 2003).

after Ms. Poole was notified the union's executive board denied her appeal.[23] In *Poole*,

plaintiffs did not dispute the application of the six-month period, but claimed the union

owed her a duty to inform her of the deadline, among other arguments not relevant here.

The U.S. District Court for the Eastern District of Oklahoma found a six-month statute of

limitations applied under the LMRA and granted defendants' motion to dismiss.[24] On

appeal, the Tenth Circuit affirmed the district court's finding of untimeliness.[25]

In an earlier Tenth Circuit case, *Lucas v. Mountain States Telephone & Telegraph*,

a former employee filed suit against his former employer for breach of a CBA and against

the union for breaching its duty of fair representation.[26] The relevant facts were undisputed,

and the U.S. District Court for the District of Colorado dismissed the case on summary

judgment as barred by the six-month statute of limitations borrowed from the NLRA. The

Tenth Circuit affirmed the district's court findings.[27]

Defendant acknowledges Plaintiff "may argue that the court should borrow Kansas'

five-year statute of limitations for breach of contract claims," but that because Plaintiff's

claim is really a "hybrid" claim against both his employer and the Union, as in *Lucas*, it is

subject to the same six-month limitations period. (*See* Response, ECF No. 44 at 1-2.) A

hybrid claim in this context is one in which a plaintiff claims both that "an employer

---

[23] *Id*. at 373.

[24] *Id.* at 373-74.

[25] *Id*. at 374.

[26] *Lucas v. Mountain States Tel. & Tel.*, 909 F.2d 419, 420 (10th Cir. 1990)

[27] *Id.*

breached a collective bargaining agreement and that a union breached its duty of fair

representation,"[28] regardless of whether the Union is added as a defendant.[29]

Here, Plaintiff disagrees his claim is properly classified as a hybrid claim. (ECF No.

46 at 1.) Plaintiff also advances a novel argument by contending the proper statute of

limitations is found in 28 U.S.C. § 1658(a). This statute provides a four-year limitations

period for any "civil action arising under an Act of Congress enacted *after* the date of the

enactment of this section . . ." Plaintiff argues although § 301 of the LMRA was enacted

before 28 U.S.C. § 1658(a), because § 302 of the LMRA, 29 U.S.C. § 186, was amended

*after* 28 U.S.C. § 1658(a), the four-year period should apply. Plaintiff contends § 302,

which addresses restrictions on financial transactions between employers, employees, and

labor organizations, makes his § 301 claim possible. Plaintiff reasons, "without union fees,

there would be no CBA and no alleged breach thereof. As such, since the LMRA does not

have a specified statute of limitations and Section 302 made Plaintiff's claim under 301

possible, the 4-year statute of limitations under § 1658 should apply." (ECF No. 46 at 2.)

Although certainly creative, the Court lacks confidence regarding the efficacy of

Plaintiffs' § 1658 argument, and he presents no authority for his rather unusual position.

That said, the Court likewise finds the caselaw cited by Defendant distinguishable from the

situation at hand. In *Poole*, no dispute existed regarding the applicable relevant limitations

---

[28] *Id.*

[29] *McKee v. Transco Prod., Inc.*, 874 F.2d 83, 86 (2d Cir. 1989) (citing *DelCostello,* 462 U.S. at 164–65) ("The law is clear that regardless of who is named as a defendant, a hybrid claim is presented if an employee has a cause of action against both the employer and the union, where the two claims are inextricably linked, and where the case to be proved is the same against both").

period.[30] In *United Gov't Sec. Officers of Am. Int'l Union*, the court analyzed a claim by the union against the employer to compel arbitration of a grievance and decided the matter at the summary judgment stage.[31] In *Lucas*, the court dismissed the case on summary judgment after review of undisputed facts.[32]

Here, the Court remains dubious regarding Plaintiff's limitations period, but at this stage of the proceeding simply does not have enough facts before it to determine the appropriate limitations period. In fact, neither party presents or relies on facts in their briefing to support the accrual of Plaintiff's claim and any applicable limitations period, or even any potential factors which might affect such accrual.

For example, "in duty-of-fair-representation cases in which the alleged breach of duty arises outside the context of processing a grievance, courts have held that accrual of such a claim can be tolled by an employee's good faith attempt to exhaust the grievance procedures."[33] The facts as presented here do not make clear how many formal grievance(s) were, in fact, asserted or processed, and if so, on what date(s), or whether Plaintiff made any good-faith attempt to do so in the event such grievance(s) were not formally processed. For instance, even if the Court were to apply the six-month limitations period suggested by Defendant, in his proposed pleading Plaintiff contends he sent an email to corporate headquarters as late as May 28, 2020 (ECF No. 46-1 at ¶ 66) and this case was filed on

---

[30] *Poole*, 86 F. App'x at 374 ("Ms. Poole does not dispute that a six-month limitations period applied.").

[31] *United Gov't Sec. Officers of Am. Int'l Union*, 956 F.3d at 1243–46.

[32] *Lucas*, 909 F.2d at 420 (noting, "The facts pertinent to this appeal are undisputed. . . Lucas read the [Grievance Status] report on May 14, 1987, and took no further action until he filed his complaint on December 7, 1987.).

[33] *Id*. at 421-22.

September 17, 2020—less than four months after Plaintiff's communication with the employer. Whether such an email equates to a grievance is a matter not addressed by the parties and left to be determined by the trier of fact. Although no party presented an argument regarding relation back[34] of the proposed amendment, taking the facts in the light *most favorable* to Plaintiff, as the Court is required to do at this stage, the Court cannot say with certainty on the facts currently before it that Plaintiff could not plausibly present his case.

The issue before the undersigned Magistrate Judge, in this motion, is not whether Plaintiff "will ultimately prevail on the [proposed claim], but whether [he] is entitled to offer evidence to support [his] allegations."[35] Whether the claims will prevail will be questions for the trier of fact at a later date on a significantly more fully-developed factual record. For the above reasons, the Court will not deny, as futile, Plaintiff's request to amend his Complaint.

### D.    Conclusion on Amendment

As discussed above, the Court finds Plaintiff's proposed amendment is timely, lacks bad faith, and amendment will not cause Defendant undue prejudice. In its discretion, the Court will allow Plaintiff to amend the Complaint. Because the Court prefers the case to proceed on its full merits,[36] in the interests of justice Plaintiff is ordered to file his amended

---

[34] Courts in this district have addressed the "relation back" of new claims in the context of motions to amend. *See Anderson v. PAR Elec. Contractors, Inc.*, 318 F.R.D. 640 (D. Kan. 2017) (citing, *e.g.*, *Acker v. Burlington N. & Santa Fe R. Co.*, 215 F.R.D. 645, 651 (D. Kan. 2003); *Philippine Am. Life Ins. v. Raytheon Aircraft Co.*, 252 F. Supp. 2d 1138 (D. Kan. 2003).

[35] *Safetech Int'l, Inc. v. Air Prod. & Controls, Inc.*, No. 02-2216-JAR, 2002 WL 31833262, at *2 (D. Kan. Dec. 5, 2002) (other internal citations omitted).

[36] *See Hinkle*, 2012 WL 2581000, at *1 (citing *Koch*, 127 F.R.D. at 209).

pleading in the revised form provided with his Reply brief (ECF No. 46-1) **within 14 days**.

### III.    Schedule

As noted in the Order Granting Motion for Leave to Amend Scheduling Order (ECF No. 54), the mediation deadline was extended to **January 15, 2022**. However, no deadline was included for the parties to submit a mediation notice. Therefore, Defendant UPS is direct to file a notice of mediation no later than **January 5, 2022**. An ADR report must be filed, using the Court form, within 14 days of the conclusion of mediation. All other deadlines remain as established in the prior Order (ECF No. 54).

### IV.    Conclusion

For the reasons stated above:

**IT IS THEREFORE ORDERED** that Plaintiff Kevin R. Stewart's Motion for Leave to Amend his Complaint (**ECF No. 42**) is **GRANTED.** Plaintiff must file his First Amended Complaint **within 14 days** of entry of this Order.

**IT IS FURTHER ORDERED** that Defendant UPS is direct to file a notice of mediation no later than **January 5, 2022**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 29th day of December, 2021.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

14