## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

KEVIN R. STEWART,              )
                                 )
               Plaintiff,     )
                                 )
v.                          )     **Case No. 2:20-cv-02461-JAR-GEB**
                                 )
UNITED PARCEL SERVICE, INC.,   )
                                 )
               Defendant.   )

## MEMORANDUM IN SUPPORT OF PARTIAL MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant United Parcel Service, Inc., ("Defendant" or "UPS") respectfully moves this court to dismiss Plaintiff Kevin R. Stewart's Count IV claim alleging that UPS violated Section 301 of the Labor Management Relations Act, as Plaintiff's claims are time-barred and Plaintiff cannot state a claim on which relief can be granted.[1] In the alternative, UPS submits this Motion for More Definite Statement pursuant to Rule 12(e).

## PROCEDURAL HISTORY

Plaintiff moved to amend his Complaint on August 24, 2021 (Doc. 35) and following briefing by both parties, this Court granted Plaintiff's motion on December 20, 2021 (Doc. 57). Plaintiff filed his First Amended Complaint on January 10, 2022 (Doc. 59). On January 24, this Court granted Defendant's Unopposed Motion for Extension of Time to Answer or Otherwise Respond, extending Defendant's deadline to February 7, 2022 (Doc. 64).

---

[1] Stewart also seeks relief against UPS under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* While UPS vigorously disputes those claims, it does not move at this time to dismiss them.

Plaintiff's First Amended Complaint adds Count IV, a claim alleging violations of the Labor Management Relations Act, Section 301. Plaintiff alleges that "none of Plaintiff's grievances have been either denied or taken up," and that "both Defendant and the union have failed to take up Plaintiff's grievances."[2] Plaintiff's First Amended Complaint further alleges that the Union breached its duty of fair representation as to his grievances.[3]

## LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a complaint fails to state a claim upon which relief can be granted.[4] When ruling on a motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief.[5] Dismissal is appropriate for hybrid claims filed outside of the statute of limitations.[6]

## ANALYSIS

**I.     Plaintiff's Hybrid Section 301/Duty of Fair Representation Claim is Time-Barred.**

**a.  Plaintiff asserts a hybrid Section 301 claim.**

"The determination of which statute of limitations applies is based upon the characterization of Plaintiff's complaint."[7] Plaintiff's claim can only be construed as a "hybrid"

---

[2] Amend. Compl. ¶¶ 70-71.

[3] *Id.* at ¶¶ 74.

[4] Fed. R. Civ. P. 12(b)(6).

[5] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555-56 (2007).

[6] *See Engberg v. Atchison, Topeka and Santa Fe Ry. Co.,* 820 F.Supp.558, 562 (D.Kan. Apr. 15, 1993).

[7] *See Altman v. Young*, No. 07-4045-SAC, 2007 WL 2155660 at *2 (D. Kan. July 25, 2007) (dismissing claim and finding that even though plaintiff intended to bring a breach of contract claim, the essence of plaintiff's claim is that the union mishandled plaintiff's grievance, therefore plaintiff's suit is a hybrid Section 301 claim).

Section 301 claim because Plaintiff makes specific allegations against the Union alleging that the Union breached its duty to fairly represent him by failing to have "any" of his grievances heard.[8] In a hybrid action, an employee's claims are directed against both the former employer and the union. Hybrid Section 301 claims allege both a violation of the collective bargaining agreement by the employer and a breach of the duty of fair representation by the Union.[9] Plaintiff's First Amended Complaint specifically alleges both: (1) that UPS allegedly violated the collective bargaining agreement and (2) that the Union's allegedly breached its duty of fair representation.[10] Though Plaintiff does not name the Union, Plaintiff nevertheless cannot avoid classification as a hybrid Section 301 claim because it is well established that a union need not be a party to a "hybrid" Section 301 suit between a plaintiff and the plaintiff's employer.[11] Rather, the fact that Plaintiff specifically alleges that the Union breached its duty of fair representation makes Plaintiff's suit a hybrid Section 301/duty of fair representation claim.[12]

Compare Plaintiff's allegations and the spirit of Plaintiff's claims to *Altman v. Young*. In *Altman*, the plaintiff alleged that the local union filed a grievance to protest the plaintiff's termination, however the grievance was untimely filed pursuant to the CBA between the employer and the plaintiff's union.[13] This Court determined that though the plaintiff purported to bring a

---

[8] Amend. Compl. ¶¶ 71, 73, 74.
[9] *Nelson v. Holmes Freight Lines, Inc.*, 37 F.3d 591, 594 (10th Cir. 1994).
[10] Amend. Compl. ¶¶ 72, 74, 115, 118, 121.
[11] *See Int'l Longshoremen's Ass'n, et al. v. Virginia Int'l Terminals, Inc.,* et al., 938 F. Supp. 335, 338 (E.D. Va. 1996) (noting that the "union itself need not actually be a party to the suit between the plaintiff and the plaintiff's employer" for the action to remain a hybrid Section 301 claim).
[12] *Altman*, 2007 WL 2155660 at * 2 ("This claim of the union's untimely filing, which constitutes an action taken within the course of one's duty as a union officer or employee, *is necessarily an allegation that defendants breached their duty of fair representation*.") (emphasis supplied).
[13] *Id.* at *1.

breach of contract claim, "the essence of plaintiff's suit is that the union mishandled her grievance."[14] Because of the allegations against the union, this Court determined that the suit was not a "straightforward breach of contract suit under Section 301," but rather, a hybrid Section 301/duty of fair representation claim.[15] Accordingly, this Court dismissed the plaintiff's claims pursuant to Rule 12(b)(6), citing the Tenth Circuit's routine application of a six-month statute of limitations to hybrid Section 301 claims.

Like *Altman*, the essence of Plaintiff's claims in this matter is that the Union mishandled his grievances against UPS by failing to have any taken up at all.[16] Furthermore, Plaintiff's specific allegations go one step further than *Altman* by directly alleging that "the union has violated its duty of fair representation in not getting Plaintiff's grievances heard."[17] Because there can be no question that Plaintiff is bringing a claim that the Union failed to represent him, Plaintiff's claims should be classified as a hybrid Section 301/duty of fair representation claim.

    **b. The applicable statute of limitations for hybrid claims is six months and Plaintiff's claims are time barred.**

The Tenth Circuit routinely applies a six months statute of limitations for hybrid Section 301/duty of fair representation claims.[18] The statute of limitations "begins to run when the

---

[14] *Id.* at *2.

[15] *Id.*

[16] Amend. Compl. ¶ 73-74.

[17] *Id.*

[18] *Altman*, 2007 WL 2155660 at *3 ("The Tenth Circuit has routinely applied a six-month statute of limitations to 'hybrid' suits as well.") (*citing Edwards v. International Union, United Plant Guard Workers of America (UPGWA )*, 46 F.3d 1047, 1052 (10th Cir.1995); *Aguinaga v. United Food & Commercial Workers Int'l Union*, 993 F.2d 1463, 1472 (10th Cir.1993); *Lucas v. Mountain States Tel. & Tel.,* 909 F.2d 419, 420 (10th Cir.1990); *Rucker v. St. Louis S.W. Ry. Co.*, 917 F.2d 1233, 1237–38 (10th Cir.1990)).

employee knew or should have known of the breach of the duty of fair representation."[19] Once the Plaintiff discovered or should have discovered that no future action would be taken on his grievance, the hybrid Section 301 cause of action begins to accrue.[20] When the union abandons or rejects an aggrieved employee's claims during the grievance process, the limitation period commences "when the employee knows or, through the exercise of reasonable diligence, should have known of that union's decision or action."[21]

It is unclear from the face of Plaintiff's allegations which specific grievances Plaintiff claims were not taken up by the Union or heard by UPS, except that Plaintiff claims that <u>none</u> of the grievances he ever filed were either denied or heard.[22] The case law in this District is clear that for each grievance Plaintiff alleges the Union failed to take up, the cause of action began to accrue once Plaintiff became aware that the Union did not pursue action on his behalf. Pursuant to the governing CBA Central Region Supplement, any grievance that is not resolved within one working day must be submitted to the company by the Union-provided form within five working days. Therefore, Plaintiff's statute of limitations began to accrue on the sixth working day after each of Plaintiff's grievances allegedly occurred. At that time, Plaintiff would have been made aware that the Union decided not to pursue Plaintiff's grievance because it did not provide him with the grievance form to submit to UPS pursuant to the CBA. Accordingly, for any claim prior to March 17, 2020, six months before Plaintiff first filed this suit, Plaintiff's claims are time barred for all

---

[19] *See Edwards v. International Union, United Plant Guard Workers of America*, 46 F.3d 1047, 1051 (10th Cir. 1995).
[20] *Helms v. Yellow Freight System, Inc.*, 721 F.Supp. 277, 280 (D.Kan. Sept. 18, 1989).
[21] *Hartwick v. District Lodge 70, Intern. Ass'n of Machinists and Aerospace Workers*, 184 F.Supp.2d 1092, 1099 (D. Kan. Nov. 6, 2001).
[22] Amend. Compl. ¶ 70.

grievances which Plaintiff alleges were not taken up by the Union within the CBA's window to grieve.

Plaintiff's Amended Complaint does not specify the dates of the grievances he alleges were not heard, and instead blanket alleges that "none" of his grievances, ostensibly during his entire career at UPS, were ever heard.[23] The Amended Complaint then contradicts this allegation by also vaguely citing to several grievances which he claims were heard but not sufficiently addressed, citing to 2015, "late" 2019, December 2019, and January 14 and January 20, 2020.[24] Plaintiff's claims related to these grievances must be time-barred, because Plaintiff would have become aware before March 17, 2020 that these grievances were not taken up by the Union or heard by UPS pursuant to the grievance process timeframe outlined by the CBA. Therefore, any of Plaintiff's claims related to these grievances should be dismissed.[25]

## II.   Even if Plaintiff's Claims Are Not Time-Barred, Plaintiff's Allegations are So Vague and Confusing that Defendant Cannot Respond to Them.

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."[26] A court should grant a motion for more definite statement "when a party is unable to determine the issues requiring a response."[27] A pleading that lacks detail is not the circumstance in which such a motion should be granted; rather, the court examines whether the claims alleged

---

[23] *Id.*
[24] Amend. Compl. ¶¶ 27, 28, 31, 38 and 42.
[25] *See DelCostello v. International Bhd. of Teamsters*, 462 U.S. 151, 155, 103 S.Ct. 2281, 2285, 76 L.Ed.2d 476 (1983) (aggrieved employee must file hybrid § 301/fair representation claim within six months of the unfair labor practice, in this case the alleged breach of the union's duty).
[26] Fed. R. Civ. P. 12(e).
[27] *Peterson v. Brownlee,* 314 F. Supp. 2d 1150, 1155 (D. Kan. 2004) (citation omitted).

are "sufficiently specific to enable a responsive pleading in the form of a denial or admission," and granting such a motion may be warranted when pleadings are "unintelligible or confusing."[28]

Plaintiff's allegation that "to this day, none of Plaintiff's grievances have been either denied or taken up," fails to put Defendant on notice of which grievances in particular Plaintiff alleges were not advanced by the Union and instead opens the universe of potential grievances for which Plaintiff seeks relief to *any* grievance filed by Plaintiff during his 30-plus year employment with UPS. Furthermore, Plaintiff's allegations refer to a number of grievances that Plaintiff allegedly filed, and which Plaintiff claims were "not heard," without providing detail as to the specific grievances for which Plaintiff seeks relief. Plaintiff's failure to properly identify the grievances he alleges were mishandled prevents Defendant from responding, and instead requires Defendant to speculate to its detriment which alleged grievances Plaintiff claims are at issue in this lawsuit. The confusing nature and incoherent timeline of the pleading leaves Defendant unable to discern the exact claims being brought against it. Therefore, as an alternative to dismissal of Plaintiff's Count IV, Defendant asks this Court to order Plaintiff to amend his Complaint to provide clear, concise, and intelligible factual allegations in support of Plaintiff's claim as required by Fed. R. Civ. P. 8.[29]

---

[28] *May v. Rottinghaus Co., Inc.,* 394 F. Supp. 3d 1334, 1339 (D. Kan. 2019) ("The purpose of Rule 8(a)(2) is to provide opposing parties with 'fair notice of what the . . . claim is and the grounds upon which it rests.'") (quotation and citation omitted).

[29] See *Ewing v. Andy Frain Sec. Co.*, No. 11-CV-02446-JAR-DJW, 2012 WL 162379, at *2 (D. Kan. Jan. 19, 2012) (granting motion for more definite statement when complaint was contained only "threadbare recitals of a cause of action accompanied by mere conclusory statements," to which defendant was unable to respond).

III.     CONCLUSION

Based on the foregoing, Defendant respectfully requests that the Court dismiss Plaintiff's Count IV alleging violations of the Labor Management Relations Act, § 301, as barred by the statute of limitations, or, in the alternative, require Plaintiff to amend his Complaint to provide clear, concise, and intelligible factual allegations in support of his claim.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/ Claudia M. Tran
Shelley I. Ericsson KS #19098
Claudia M. Tran KS #28157
4520 Main Street, Suite 400
Kansas City, MO  64111
816.471.1301
816.471.1303 *(Facsimile)*
shelley.ericsson@ogletree.com
claudia.tran@ogletree.com
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 7th day of February, 2022, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system and sent notification of such

filing to the following:

| | |
|---|---|
| David R. Smith        MO #39088 | Spencer J. Webster     MO #70726 |
| DAVID R. SMITH PC | WEBSTER LAW, LLC |
| 4310 Madison Ave., Suite 100 | 4310 Madison Avenue, Suite 100 |
| Kansas City, MO  64111 | Kansas City, MO  64111 |
| 816.753.9393 | 816.898.6065 |
| 816.778.0957 (*Facsimile*) | swebster@sjwebsterlaw.com |
| david@dsmith-law.com | |

**ATTORNEYS FOR PLAINTIFF**


/s/ Claudia M. Tran
**ATTORNEY FOR DEFENDANT**

50222482.v1-OGLETREE