IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KEVIN R. STEWART, <br><br> **Plaintiff,** <br><br> v. <br><br> UNITED PARCEL SERVICE, INC., <br><br> **Defendant.** | Case No. 20-2461-JAR-GEB |

## MEMORANDUM AND ORDER

Plaintiff Kevin Stewart brings this action against his employer, United Parcel Service, Inc., alleging claims under Title VII of the Civil Rights Act of 1964 for race discrimination, harassment and hostile work environment, and retaliation, as well as a claim under § 301 of the Labor Management Relations Act ("LMRA") that Defendant and his Union breached obligations under his collective bargaining agreement ("CBA"). Before the Court is Defendant's Partial Motion to Dismiss or in the Alternative Motion for More Definite Statement (Doc. 65) as to Count IV, the LMRA claim. Plaintiff has not responded and the time to do so has expired. As described more fully below, the Court finds that Defendant's motion must be denied despite Plaintiff's failure to respond.

**I.     Failure to Respond**

As an initial matter, D. Kan. Rule 7.4(b) provides that a party or attorney who does not timely file a response brief waives the right to later file such a brief, and that the court will decide such motions as uncontested and ordinarily will grant them without further notice. Plaintiff did not file a response to Defendant's motion to dismiss, and the time to do so has passed. The Court acknowledges that Plaintiff's counsel withdrew from this case soon after the pending motion was filed. Defendant stipulated to staying the response deadline until Plaintiff

decided whether to proceed *pro se* or obtain new counsel.[1] But several months have passed since this stipulation, so the Court entered an Order on May 5, 2022, setting a June 8, 2022 deadline for Plaintiff to respond to Defendant's pending motion.[2] Plaintiff has been given ample opportunity to either seek an extension of time to respond to the motion to dismiss *pro se*, or to engage counsel. He has done neither and the Court declines to *sua sponte* continue this matter further in order for him to obtain counsel.[3] Although the Court therefore treats the motion to dismiss or in the alternative for a more definite statement as unopposed, it declines to grant the motion without further notice for the reasons stated below.

## II.    Motion to Dismiss

Defendant moves to dismiss as time-barred Count IV, the LMRA claim, under Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[4] "[T]he complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[5] The plausibility standard does not require a showing of probability that a defendant has acted unlawfully, but requires more than "a sheer possibility."[6] The Court must accept the plaintiff's factual allegations as true,

---

[1] Doc. 73 ¶ 2.

[2] Doc. 79.

[3] At the most recent status conference on June 8, 2022, Plaintiff appeared *pro se*, although he filed a motion for appointment of counsel one hour before the status conference. Doc. 80. After hearing from the parties, Judge Birzer stayed the deadlines in this case and reserved ruling on Plaintiff's motion for appointment of counsel until this Court decides Defendant's pending motion to dismiss. Doc. 82.

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[5] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

view those facts in the light most favorable to the plaintiff, and assess whether they give rise to a reasonable inference that the defendant is liable in light of the applicable law.[7]  Although the statute of limitations is generally an affirmative defense, a court may resolve statute of limitations questions on a Rule 12(b)(6) motion to dismiss "when the dates given in the complaint make clear that the right sued upon has been extinguished."[8]

Defendant argues that Plaintiff's claim must be construed as a "hybrid" § 301 claim, subject to a six-month statute of limitations, because it alleges both that his Union breached its duty to fairly represent him by not allowing his grievances to be heard, and that Defendant violated the CBA.  The Court agrees.  Plaintiff's Amended Complaint alleges a hybrid claim because it alleges both that his employer violated the CBA and the Union breached its duty of fair representation.[9]  The Tenth Circuit has explained that an "employee's unfair representation claim against his union and the underlying § 301 claim against his employer are 'inextricably interdependent'"; therefore, the claim is construed as a hybrid claim "regardless of whether the employee sues the employer, the union, or both."[10]

A hybrid claim under § 301 of the LMRA does not contain a statute of limitations.[11]  When there is no statute of limitations provided on a federal claim, the Court must "'borrow' the most suitable statute or other rule of timeliness from some other source."[12]  In *DelCostello v. International Brotherhood of Teamsters*, the Supreme Court held that "hybrid" claims under

---

[7] *See Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016).

[8] *Herrera v. City of Espanola*, 32 F.4th 980 (10th Cir. 2022) (quoting *Sierra Club v. Okla. Gas & Elec. Co.*, 816 F.3d 666, 671 (10th Cir. 2016)).

[9] Doc. 61 ¶¶ 35, 38, 41–42, 48, 68–74, 117–21.

[10] *Edwards v. Int'l Union, United Plant Guard Workers of Am. (UPGWA)*, 46 F.3d 1047, 1051 (10th Cir. 1995) (quoting *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164–65 (1983)).

[11] 29 U.S.C. § 185.

[12] *DelCostello*, 462 U.S. at 158.

§ 301 borrow a six-month statute of limitations from an analogous federal claim for unfair labor practices under § 10(b) of the National Labor Relations Act.[13]

Defendant argues that Plaintiff's § 301 claim must be dismissed because the claims accrued before March 17, 2020—six months prior to the filing of the original Complaint on September 17, 2020.  The general rule on accrual is that "the limitation period begins to run when an employee 'knows or in the exercise of reasonable diligence should have known or discovered the acts constituting the union's alleged violations.'"[14]  Application of this general rule depends on context.[15]  Where, as here, "a union rejects or abandons the claims of an aggrieved employee at some point in the grievance process," the cause of action accrues when the plaintiff discovers, or should have discovered, that the Union would take no further action on his grievance.[16]

The Amended Complaint alleges that Plaintiff submitted grievances on the following dates: late December 2019; January 14, 2020; January 20, 2020; and April 24, 2020.  It further alleges that "Defendant and the union have failed to take up Plaintiff's grievances and continue to state they will be heard."[17]  Therefore, unlike the "ordinary situation in which a union abandoned an employee during the grievance process,"[18] this Plaintiff alleges that the union and Defendant are "sitting on" his grievances; refusing to either deny them or allow them to be heard.  Complicating matters further is the fact that the claim itself is based on the Union and

---

[13] *Id.* at 169.

[14] *Edwards*, 46 F.3d at 1053 (quoting *Lucas v. Mountain States Tel. & Tel.*, 909 F.2d 419, 420–21 (10th Cir. 1990)).

[15] *Lucas*, 909 F.2d at 421.

[16] *Id.* (collecting cases).

[17] Doc. 6 ¶ 71.

[18] *Lucas*, 909 F.2d at 421.

Defendant failing to hear his grievances, which Plaintiff alleges prevented him from exhausting his remedies.

Consistent with Judge Birzer's futility analysis when she granted the motion for leave to amend,[19] the Court finds that the Amended Complaint does not conclusively establish that Plaintiff's § 301 hybrid claim accrued before March 17, 2020. Plaintiff alleges he was never notified that the Union would decline to process his grievances, and it is not clear from the facts alleged that Plaintiff should have known that the Union and Defendant would decline to hear his grievances before March 17, 2020. Moreover, Plaintiff alleges that he filed a grievance on April 24, 2020, that was not addressed. Assuming Plaintiff had knowledge that Defendant and the Union would not hear this claim immediately after filing it, that grievance accrued within the statute of limitations. And Plaintiff alleges in the Amended Complaint that the administrative exhaustion requirement should be excused because Defendant refuses to hear his grievances and the Union continues to fail to fairly represent him. Given these factual allegations, the Court cannot find that "the dates given in the complaint make clear that the right sued upon has been extinguished."[20] Therefore, the motion to dismiss is denied.

### III.    Motion for More Definite Statement

In the alternative, Defendant moves for a more definite statement under Rule 12(e), which applies if the Amended Complaint's "allegations are so vague or ambiguous that [Defendant] cannot reasonably prepare a response." Defendant argues that Plaintiff's Count IV allegations are vague and confusing because they do not make clear which grievance Plaintiff's claim rests upon. The Court disagrees. The Amended Complaint lists the dates of four

---

[19] *See* Doc. 57 at 8–13.

[20] *Herrera v. City of Espanola*, 32 F.4th 980 (10th Cir. 2022) (quoting *Sierra Club v. Okla. Gas & Elec. Co.*, 816 F.3d 666, 671 (10th Cir. 2016)).

grievances Plaintiff filed and alleges that the Union and Defendant failed to act on any of them. This is sufficient to place Defendant on notice of the claim.  To the extent Defendant seeks further information on the accrual date of Plaintiff's claim, that is information solely relevant to Defendant's statute of limitations affirmative defense and information that is not solely in the hands of Plaintiff.  "At the pleading stage of litigation it is not the plaintiff, but the defendant, who must raise [that] issue."[21]  The Court declines to require Plaintiff to provide a more definite statement of his claim based on the showing in Defendant's motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Partial Motion to Dismiss or in the Alternative Motion for More Definite Statement (Doc. 65) is **denied**.

**IT IS SO ORDERED.**

Dated: June 16, 2022

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[21] *Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1298 (10th Cir. 2018).  The Court further notes that Defendant has already filed its Answer.  *See* Doc. 67.