IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KEVIN R. STEWART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:20-cv-02461-JAR-GEB |
| | ) |
| UNITED PARCEL SERVICE, INC., | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT'S MOTION FOR SANCTIONS

Defendant United Parcel Service, Inc., ("UPS"), pursuant to Fed. R. Civ. P. 37(c)(1) and Local Rule 37.1, submits the following Motion for Sanctions[1], specifically requesting that this Court strike Plaintiff's untimely supplemental disclosures. In support of its motion, UPS states the following:

The deadline to supplement initial disclosures was **October 21, 2022** (40 days before the close of discovery). UPS deposed Plaintiff on November 11, 2022. During his deposition, Plaintiff revealed he had documents, including numerous text messages relating to his claims that he had not yet produced.[2]

Two days *after* his deposition, on Sunday **November 13, 2022** – weeks past the deadline to supplement initial disclosures – Plaintiff supplemented his Initial Disclosures to identify three new witnesses and to produce additional documents to UPS, many of which UPS had never seen before (primarily screenshots of text messages to various current and former UPS employees relating to his claims).

---

[1] There is some confusion about whether the proper iteration of this motion is a "Motion for Sanctions" where the requested sanction is to strike the disclosures, or whether it can be filed as a "Motion to Strike." UPS titled this as a Motion for Sanctions based on Judge Gale's comments in *Blair v. TransAm Trucking, Inc.*, No. 09-2443-EFM-KGG, 2017 WL 2684296, at *2 (D. Kan. June 21, 2017).

[2] Plaintiff also admitted during his deposition that his responses to UPS's interrogatories were false and that he never reviewed the responses. He said this despite swearing under oath (via the signature page) that he reviewed the responses and that they were accurate.

This Court should sanction Plaintiff for his willful misconduct and strike the late disclosures and related documents. UPS adopts and incorporates by reference its arguments and authorities in its Memorandum in Support of this motion.[3]

Therefore, UPS respectfully requests this Court enter an order striking Plaintiff's untimely disclosures and not allow Plaintiff to use the witnesses or documents in motion practice, at a hearing, or in trial, and award UPS any other relief this Court deems just and proper.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/ *Shelley I. Ericsson*
Shelley I. Ericsson     KS #19098
Colin J. Finnegan       KS #28647
4520 Main Street, Suite 400
Kansas City, MO  64111
816.471.1301
816.471.1303 *(Facsimile)*
shelley.ericsson@ogletree.com
colin.finnegan@ogletree.com
**ATTORNEYS FOR DEFENDANT**

---

[3] While Plaintiff was already on notice of UPS's intent to file a motion for sanctions as well as UPS's issues with Plaintiff's untimely disclosures, pursuant to Local Rule 37.2, UPS sent Plaintiff's Counsel another meet and confer email on November 18, 2022. Plaintiff's counsel objected to our proposed remedy.

**CERTIFICATE OF SERVICE**

      The undersigned certifies that on this 18th day of November 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and a copy was mailed to the following:

Katrina Y. Robertson	D. Kan. #78226
KATRINA Y. ROBERTSON, LLC
1101 Walnut Street, Suite 203
Kansas City, MO  64106
816.885.4974
816.817.4964 (*Facsimile*)
kyr@kyrobertsonlaw.com

**ATTORNEY FOR PLAINTIFF**

/s/ *Shelley I. Ericsson*
**ATTORNEY FOR DEFENDANT**