IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KEVIN R. STEWART,<br>    Plaintiff,<br>v.<br>UNITED PARCEL SERVICE, INC.,<br>    Defendant. | Case No. 2:20-cv-02461-JAR-GEB |

**DEFENDANT'S STATEMENT OF CONSULTATION AND
MEMORANDUM SETTING FORTH BASIS FOR ATTORNEYS' FEES**

Defendant United Parcel Service, Inc. ("UPS"), pursuant to Fed. R. Civ. P. 54(d)(2)(A) and Local Rule 54.2, Defendant United Parcel Service, Inc. ("UPS" or "Defendant") submits the following Statement of Consultation and Memorandum in support of Attorneys' Fees:

**I. Introduction**

After Plaintiff Kevin Stewart filed grievances and lost, he filed a lawsuit against UPS in an attempt to re-litigate those issues. His first two lawyers withdrew from the case, likely realizing it was frivolous. When his third lawyer, Ms. Robertson, entered her appearance, UPS sent her a letter ("Letter" or "UPS's Letter") telling her the case was frivolous, that UPS would prevail on summary judgment, and that UPS would seek its attorneys' fees upon prevailing.

Despite receiving UPS's Letter, Plaintiff and Ms. Robertson proceeded with this frivolous case. Just as UPS told Ms. Robertson several months earlier – and after UPS expended an additional $238,111.00 in attorneys' fees – UPS filed for summary judgment and this Court granted UPS summary judgment for the same reasons UPS set forth in the Letter. Plaintiff's case was frivolous. Plaintiff and his Counsel proceeded despite its frivolity. UPS is entitled to its attorneys' fees for these reasons and the reasons articulated below.

42 U.S.C. § 2000E-5(K) states that UPS, as the prevailing party by winning complete summary judgment, may collect its attorneys' fees. UPS is also entitled to attorneys' fees via the

Supreme Court's decisions in *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412 (1978) and *CRST Van Expedited, Inc. v E.E.O.C.*, 578 U.S. 948 (2006) because Plaintiff and his Counsel advanced a frivolous case. Indeed, and as discussed further below, Plaintiff and his Counsel advanced a frivolous case despite being aware of its frivolity via UPS's Letter. UPS ultimately prevailed on summary judgment for the same reasons it set forth in its letter to Plaintiff's Counsel. UPS is entitled to its attorneys' fees totaling $238,111.00 based on defending this frivolous case.

## II.    Factual Background

1. Plaintiff filed his complaint on September 17, 2020. (Doc. 1).

2. Plaintiff's first lawyer, Marcos Barbosa withdrew on May 25, 2021, stating "Plaintiff and the undersigned counsel have substantial and significant opposite views and concepts about this case and the legal strategy to be used to further its litigation." (Doc. 28).

3. Plaintiff then found new lawyers, David Smith and Spencer Webster, who entered their appearances on May 26, 2021. (Doc. 30).

4. Plaintiff filed his Amended Complaint on January 10, 2022. (Doc. 60).

5. On January 26, 2022, Defense Counsel sent Atty. Smith and Atty. Spencer a letter detailing the frivolous nature of Plaintiff's claims and requesting that Plaintiff dismiss his allegations since they were meritless. (Exhibit 1, January 26, 2022 letter) This letter also advised Plaintiff and Plaintiff's counsel that UPS would move to dismiss, notice Plaintiff's deposition, and move for summary judgment. (*Id.*) UPS advised that when it prevailed on summary judgment, it would seek attorneys' fees from Plaintiff. (*Id.*)

6. UPS filed a Motion to Dismiss on February 7, 2022, seeking to dismiss his breach of contract claim as being time barred and dismissal of the remaining claims because the

allegations were vague and confusing and, therefore, UPS was unable to respond. (*See* Doc. 65-66).

7. Mr. Smith and Mr. Spencer, Plaintiff's second lawyers, withdrew on March 14, 2022, stating he and Plaintiff "have significant disagreements on objectives and how to proceed with the litigation in this matter." (Doc. 73).

8. On June 16, 2022, despite Plaintiff failing to respond to UPS's Motion to Dismiss, the Court denied UPS's Motion. (Doc. 83).

9. Plaintiff current Counsel (his third separate counsel on this case) Ms. Robertson ("Plaintiff's Counsel" or "Ms. Robertson") entered her appearance on August 15, 2022.[1] (Doc. 88).

10. Because Ms. Robertson was new to the case, and since she perhaps did not have the complete picture of Plaintiff's meritless claims, Defense Counsel sent Ms. Robertson the Letter on August 30, 2022. (Exhibit 2: August 30, 2022 Letter).

11. The Letter stated:

"I am writing to put you and your client, Kevin R. Stewart, on notice that his claims against United Parcel Service, Inc. ("UPS") in the above-referenced action are unreasonable, without foundation, and legally insupportable. Based on Mr. Stewart's grievance history, his current position, and the relevant case law, this case is frivolous because: (1) Mr. Stewart cannot establish a hybrid section 301 claim; (2) Mr. Stewart cannot make out a *prima facie* case of Title VII discrimination or retaliation; and (3) Mr. Stewart cannot claim any damages.

Pursuant to the Court's direction at the scheduling conference on August 16, 2022, UPS has provided you with all the discovery exchanged between the parties to date, including specific evidence that Mr. Stewart's claims are baseless. Should you continue to pursue this action, our client will seek its attorneys' fees and costs as allowed by the Supreme Court in *Christiansburg Garment Co. v. EEOC*., 434 U.S. 412, 422 (1978) (attorneys' fees can be awarded against a plaintiff in an

---

[1] Ms. Robertson moved to withdraw as Plaintiff's counsel on September 11, 2023. (Doc 147). This Court denied her motion and Ms. Robertson filed an amended motion on September 12, 2023 (Doc. 148-149). As of the date and time of this filing, the Court has not ruled on Ms. Robertson's amended motion. Plaintiff has retain new counsel for purposes of appeal. (Exhibit 3, Conferral Emails).

3

employment case if the "court finds that [plaintiff's] claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so"). Therefore, I request that you inform me – in writing – by September 6, 2022, of your intent to dismiss this action with prejudice. If the case is not voluntarily dismissed, UPS will seek recovery of all costs and reasonable attorneys' fees incurred defending this meritless action. Additionally, this letter is not confidential and shall be admissible in evidence for the express purpose of demonstrating that Mr. Stewart and your firm were put on notice that this case was frivolous and without legal basis, yet you decided to continue to pursue it."

(Exhibit 2: August 30, 2022 Letter at 1).

12. UPS's Letter then went on to discuss how Plaintiff's claims failed as a matter of law, particularly noting that he already filed grievances on the allegations that formed the basis of his Amended Complaint, and Plaintiff suffered no adverse action or damages. (Exhibit 2: August 30, 2022 Letter at 1-3).

13. Despite the warning and the actual and constructive knowledge that his claims were legally meritless, Plaintiff and his Counsel proceeded with his case.

14. UPS filed its Motion for Summary Judgment – which included many of the same arguments that UPS made in its Motion to Dismiss and Letter – on January 19, 2023. (Doc 123, 124).

15. The Court granted UPS's Motion for Summary Judgment on July 20, 2023. (Doc. 133). Also on July 20, 2023, the Court entered judgment in UPS's favor and dismissed Plaintiff's case on the merits. (Doc. 134). In its Memorandum and Order, this Court concluded "that the majority of Plaintiff's claims relate to allegedly unfair labor practiced by defendant based on Plaintiff filing grievances" and thus were preempted. (Doc. 133).

16. UPS filed its Motion for Attorneys' Fees and Related Nontaxable Expenses Against Plaintiff on August 3, 2023. (Doc. 135).

**III.     Statement of Consultation Pursuant to Local Rule 54.2(c)(1) and 54.2(d)**

17.     Pursuant to local rule 54.2(a), UPS's Counsel promptly initiated consultation with Ms. Robertson to confer regarding UPS's Motion and Award Amount. (Exhibit 3: Conferral E-mails).[2]

18.     Mr. Finnegan spoke with Ms. Robertson briefly via phone on August 9, 2023. Ms. Robertson did not agree with UPS's Motion or the amount of attorneys' fees. (Exhibit 3: Conferral E-mails).

19.     Ms. Robertson then emailed Mr. Finnegan and stated she thought the conferral was insufficient. In response, Mr. Finnegan emailed that he was happy to continue conferring and offered to have an additional call. (Exhibit 3: Conferral E-mails).

20.     Ms. Robertson clarified via email on August 10, 2023 that she can't agree to the approximate $375,000 amount. (Exhibit 3: Conferral E-mails)

21.     In light of Ms. Robertson's position, UPS stated, via email to Ms. Robertson and Mr. Sternberg (Plaintiff's appellate lawyer) on August 30, 2023, that it would only seek its attorneys' fees from August 31, 2022 forward. UPS selected this date because UPS sent Ms. Robertson the letter on August 30, 2022. (Exhibit 3: Conferral E-mails).

22.     UPS also shared an itemization with Ms. Robertson and Mr. Sternberg itemizing its attorneys' billing entries and asked which charges they dispute. (Exhibit 3: Conferral E-mails; Exhibit 4: Itemized List of Attorneys' Fees).

23.     In response to UPS's August 30, 2023, emails, Plaintiff's Counsel emailed that she would review UPS's itemization and follow-up on August 31, 2023. (Exhibit 3: Conferral E-mails).

---

[2] UPS is moving to file the Exhibits 3-4 under seal pursuant to Local Rule 5.4.2. Plaintiff's Counsel consents to these exhibits being filed under seal.

24. The parties spoke again on two separate occasions and hoped they would come to a resolution. (Exhibit 3: Conferral E-mails).

25. On September 11, 2023, Plaintiff's Counsel confirmed that Plaintiff would pursue his appeal and did not agree to pay any of the attorneys' fees.

26. Plaintiff's Counsel also filed a motion to withdraw from this case on September 11, 2023. (Doc. 149).

27. UPS consulted with Plaintiff's Counsel several times over phone and email and conferred in good faith, but ultimately the parties did not reach an agreement and Plaintiff objected to paying any of UPS's attorneys' fees. (Exhibit 3: Conferral E-mails).

28. UPS fulfilled its "consultation" obligations pursuant to Local Rule 54.2.

29. UPS only seeks attorneys' fees in the amount of $238,111.00, the amount incurred after UPS's Letter to Ms. Robertson telling her – as the third lawyer on the case and after Plaintiff already grieved these issues and lost – that the case was frivolous and UPS would prevail on summary judgment. (Exhibit 4: Itemized List of Attorneys' Fees).

**IV.  UPS's Factual and Legal Basis for Attorneys' Fees Pursuant to Local Rule 54.2(c)(2)**

"Title VII's fee-shifting statute allows prevailing defendants to recover whenever the plaintiff's 'claim was frivolous, unreasonable, or groundless.'" *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419 (2016) (quoting *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 422 (1978)). "A frivolous suit is one 'based on an indisputably meritless legal theory,… [or] whose factual contentions are clearly baseless.'" *W. Daniels Land Ass'n, Inc. v. Wasatch Cnty.*, No. 2:10-CV-558, 2011 WL 1584822, at *4 (D. Utah Apr. 26, 2011) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). "A prevailing defendant may also recover attorney's fees in litigation found to be vexatious." *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424,

429 (1983). Important for the Court's analysis here, attorneys' fees are proper if the plaintiff "continued to litigate" a frivolous case "after it clearly became so." *E.E.O.C. v. TriCore Reference Lab'ys*, 493 F. App'x 955, 960 (10th Cir. 2012) (citations omitted). Attorneys' fees for a prevailing defendant are proper when the defendant is "forced to defend a lawsuit that was baseless from its inception" or when the "plaintiff continued to litigate even after it became apparent that it was groundless." *Whitson v. Marriott Hotel Servs., Inc.*, No. 4:00CV1528, 2002 WL 1050382, at *2 (E.D. Mo. May 1, 2002) (citation omitted), aff'd sub nom. *Whitson v. Marriott Pavilion Hotel*, 49 F. App'x 655 (8th Cir. 2002).

In *Miller v. Mgmt. & Training Corp.*, the Southern District of Mississippi found the plaintiff's race discrimination claim frivolous:

> "Miller's claim for racial discrimination under Title VII had no legs from the very start, a fact that had been pointed out to Plaintiff's Counsel no less than three times: 1) Defendant's Motion to Dismiss the Initial Complaint, [sic]; 2) Defendant's Answer to the Amended Complaint [sic]; and 3) Defendant's Motion for Partial Judgment on the Pleadings…Meanwhile, a period of six months had passed when a simple reading of the above pleadings should have alerted Miller and his attorneys about the fatal flaw in their pursuit of this claim."

No. 3:14-CV-427-HTW-LRA, 2021 WL 4437596, at *8 (S.D. Miss. Sept. 27, 2021) (citations omitted).

In *Miller*, the court granted the defendant's attorneys' fees motion against the plaintiff and his two lead attorneys jointly and severally. *Id.* Importantly, the court noted "Plaintiff's counsel had vexatiously and unreasonably prolonged the litigation in this matter." *Id.* at 13.

The Northern District of Illinois addressed similar facts in *Brownlow v. Gen. Servs. Emps. Union*, No. 83 C 5768, 1984 WL 1147, at *2 (N.D. Ill. July 9, 1984). There, defense counsel sent plaintiff's counsel a letter – just as UPS's Counsel did in the case at bar – detailing the law on Title VII's administrative exhaustion requirement and informing the plaintiff's counsel that plaintiff did

7

not comply with those laws. *Id.* Importantly, the letter asked plaintiff's counsel to voluntarily dismiss the lawsuit and, if plaintiff's counsel did not dismiss, defense counsel would seek attorney's fees at the conclusion of the case. *Id.* The court noted "plaintiff's counsel had been put on notice of authority on the issue [lack of exhaustion] by Guardsmark's counsel's letter." *Id.* The court continued:

> "Perhaps when plaintiff filed this lawsuit, it was not frivolous. However, once Guardsmark wrote plaintiff's counsel the letter detailing the law on the subject, the Title VII claim became frivolous. An award of attorney's fees in defendant's favor would be appropriate under Title VII, Fed. R. Civ. P. 11, or 28 U.S.C. § 1927."

*Id.*

The court in *Brownlow* ultimately awarded the prevailing defendant its fees via a Rule 11 sanction against the plaintiff's counsel.[3] *Id.*

The United States District Court for the District of Colombia granted a motion for attorney's fees by the prevailing defendant in a Title VII case in *Barber v. Am. Sec. Bank*, No. C.A.86-1156(HHG/PJA), 1989 WL 7339, at *3 (D.D.C. Jan. 18, 1989). Relevant to this Court's analysis, the court in *Barber* sated:

> "Before filing this lawsuit, Barber was aware that an independent agency had investigated his claim for unemployment compensation and found adequate reason to support his discharge for falsifying a work log and insubordination … the complete lack of evidentiary support for his claims, coupled with the prior agency adjudications in this matter leads to but one reasonable conclusion: the suit was groundless and lacked substance from its inception."

*Id.* at 3.

The court held the plaintiff and his counsel jointly and severally liable for the prevailing defendant's attorney's fees and costs. *Id.* at 5.

---

[3] UPS asserts that Plaintiff and his counsel are jointly and severally responsible for its attorneys' fees. As discussed further below, Plaintiff is equally responsible for his frivolous suit. If the Court disagrees, UPS certainly acknowledges and respects the Court's right to award it attorney's fees via a *sua sponte* sanction in accordance with Fed. R. Civ. P. 11(c)(3) and consistent with *Brownlow*.

Case 2:20-cv-02461-JAR   Document 150   Filed 09/13/23   Page 9 of 15

A.      **Plaintiff's Frivolous Case Justifies the Court Awarding UPS Attorneys' Fees.**

While attorneys' fees to a prevailing defendant is an acceptable but sparingly used remedy, this case justifies them. First, recall that Plaintiff's first two attorneys withdrew due to strategic differences with Plaintiff. One of those withdrawals occurred shortly after Defense Counsel advised him that Plaintiff's claims were utterly meritless and that UPS would succeed at disposing of the case before trial. Plaintiff's Counsel was the third and final attorney to enter her appearance. While this fact alone does not necessitate attorneys' fees, UPS urges the Court to consider that all attorneys have an ethical obligation to not advance a frivolous case. Ms. Robertson should have considered the withdrawal of two other attorneys prior to her accepting this case.

Giving her the benefit of the doubt, though, perhaps Plaintiff failed to provide Ms. Robertson the full picture of just how frivolous his claims were. If Plaintiff's Counsel did not know about this case's frivolity when she entered, UPS explicitly made her aware of it via its August 30, 2022 Letter. (Exhibit 2: August 30, 2022 Letter). UPS's Letter set forth the basis for summary judgment in this case:

- There is no evidence of a LMRA § 301 violation and Plaintiff already grieved all these issues;

- Plaintiff is a full-time UPS employee and suffered no adverse employment action;

- Plaintiff claims race discrimination based on a failure to promote, but UPS selected an African-American for the position in question who, unquestionably, had more seniority than him pursuant to the CBA.

- Plaintiff suffered no damages.

(Exhibit 2: August 30, 2022 Letter).

   1.   *Plaintiff Advanced Frivolous CBA Violations That He Previously Adjudicated.*

Despite receiving UPS's Letter, Plaintiff and his Counsel advanced this frivolous case. Indeed, Plaintiff and Ms. Robertson advanced several theories that Plaintiff already filed

10

grievances about and lost. Plaintiff and Ms. Robertson disregarded prior dismissal of the grievances and attempted to get a second bite at the apple via this Court. Plaintiff grieved his issues about the pito cart via the grievance process set forth in the CBA and lost. Plaintiff also grieved his issues about not being selected for the full-time position via the grievance process set forth in the CBA and lost. The Court agreed with UPS: "The majority of Plaintiff's claims relate to allegedly unfair labor practices by Defendant based on Plaintiff filing grievances." (Doc. 133 p. 14). Plaintiff and his counsel advanced claims that they both knew were frivolous and improperly before the Court. Those claims were previously adjudicated and belong before the National Labor Relations Board ("Board"). Plaintiff's Counsel, as a member of the bar and after being informed via UPS's Letter, knew the claims belonged before the Board as well. They advanced this case despite their knowledge. Therefore, attorneys' fees are proper.

    2.  *Plaintiff's Hybrid LMRA § 301 Claim was Frivolous and Garmon Clearly Preempted His Claims.*

Plaintiff advanced a hybrid LMRA § 301 claim against UPS, which required him to show the Union breached its duty in adjudicating his grievances. But recall that Plaintiff and Ms. Robertson utterly failed to put *any* effort in developing their convoluted case. Plaintiff failed to name the Union as a defendant, failed to issue any third-party discovery on the Union, and failed to subpoena any Union witnesses. In responding to UPS's Motion for Summary Judgment, the Court noted:

> "Plaintiff's citations to the record do not support his contentions. He does not direct the Court to any evidence that the Union did not represent Plaintiff fairly. Although Plaintiff testifies that he believes the Union breached its duty, he does not provide the Court with any objective evidence that the Union's conduct was unreasonable."

(Doc. 133 p. 17).

The Court also noted that the NLRB's dismissal letter – that Plaintiff and his counsel were explicitly aware of – "contradicts Plaintiff's allegations." (Doc. 133 pp. 17-18). Plaintiff and his

Counsel not only failed to furnish any evidence of a hybrid LMRA § 301 claim, they advanced it despite having a dismissal letter from the NLRB telling them his claims lacked merit. In other words, Plaintiff and his Counsel continued to litigate this frivolous case "after it clearly became so [frivolous]." *TriCore Reference Lab'ys*, 493 F. App'x at 960. This conduct justifies an attorneys' fees award.

The facts here track the facts in *Barber* because "the complete lack of evidentiary support for his claims, coupled with the prior agency adjudications in this matter leads to but one reasonable conclusion: the suit was groundless and lacked substance from its inception." *Barber*, 1989 WL at *3. Here, Plaintiff and his counsel were already told there was no contractual violation. They advanced the case regardless and failed to introduce any evidence for his claims, just as in *Barber*. Plaintiff's case was groundless and lacked substance since its inception. As such, attorneys' fees are proper here. Similarly, just as in *Miller*, if Plaintiff's Counsel had just read UPS's answer, UPS's Motion to Dismiss, or, most importantly, UPS's Letter, it would have informed her of "the fatal flaw in pursuit" of this claim. *Miller*, 2021 WL at *8.

Plaintiff's factual theories on his race discrimination, hostile work environment/harassment, and retaliation claims were also frivolous and included factual contentions that were "clearly baseless." *Daniels Land Ass'n*, 2011 WL at *4. As UPS indicated in its Letter, and as the Court noted in its decision, *Garmon* pre-empted all of these claims. (*See* Doc. 133). Plaintiff furnished little or no evidence to support any of his claims. He suffered no adverse action and remains a full-time UPS employee. Despite this, Plaintiff and Ms. Robertson advanced this case. The Court should award UPS its attorneys' fees as a prevailing party.

        *3.*      *The Court Should Award UPS its Attorneys' Fees from August 31, 2022 Onward.*

All Plaintiff's claims have been frivolous from the minute he filed this case. While UPS acknowledges that awarding a prevailing defendant its attorneys' fees is not something the Court considers lightly, the unique history of this case justifies an award of attorneys' fees. Indeed, Plaintiff grieved these claims via the remedies set forth in the CBA. Plaintiff's Counsel – as Plaintiff's third lawyer on this case – was well aware that Plaintiff's claims were farcical because she received UPS's Letter detailing the exact reasons why the Court would, and ultimately did, award UPS summary judgment.

While UPS believes it has a basis to recover its fees from the case's inception, UPS seeks to give both Plaintiff and his Counsel the benefit of the doubt. UPS only seeks an award of attorneys' fees *after* UPS sent Ms. Robertson the August 30, 2022 Letter. Plaintiff and his Counsel refused to withdraw the case after receiving UPS's Letter. As such, Plaintiff's Counsel shares the blame for UPS's legal fees. If Plaintiff's Counsel disagreed with her client on strategy moving forward, she should have withdrawn just as Plaintiff's first two lawyers had. Because she continued with this case despite UPS's August 30, 2022 Letter, UPS can only assume that Plaintiff's Counsel disregarded the law and facts by proceeding with Plaintiff's farcical case. As such, she is equally liable to UPS for its attorneys' fees.

Plaintiff and his Counsel have "vexatiously prolonged litigation in this matter." *Miller*, 2021 WL at *8. Indeed, as the Court noted, "Plaintiff failed to follow this Court's summary judgment procedures. Plaintiff set forth multiple facts in both his response to Defendant's statement of facts and his own statement of facts in violation of D. Kan. Rule 56.1." (Doc. 133 p. 3). Further, "Plaintiff's factual assertions are frequently not supported by the record." (Doc. 133 p. 3). Indeed, the Court noted "Of the 92 facts asserted by Plaintiff in his additional statement of

facts, fewer than 15% were supported by an appropriate citation to the record or supported by the record." (Doc. 133 p. 3 FN 17).

Responding to such facts proved a painstaking task and vexatiously prolonged this already frivolous litigation. UPS incurred additional time and expense in responding to Plaintiff's non-compliant summary judgment reply. This noncompliance was another example of how Plaintiff and his Counsel shot from the hip and unnecessarily prolonged frivolous litigation.

The facts here align closely with *Brownlow*. In *Brownlow*, like here, defense counsel sent plaintiff's counsel a letter detailing that the case was frivolous. *Brownlow*, 1984 WL at *2. The *Brownlow* letter, like UPS's Letter here, asked Plaintiff's Counsel to voluntarily dismiss the lawsuit. *Id.* In other words, just as in *Brownlow*, UPS put "plaintiff's counsel" "on notice of authority on the issue" via its Letter. The following quote from *Brownlow* is particularly compelling here:

> "Perhaps when plaintiff filed this lawsuit, it was not frivolous. However, once Guardsmark wrote plaintiff's counsel the letter detailing the law on the subject, the Title VII claim became frivolous. An award of attorney's fees in defendant's favor would be appropriate under Title VII, Fed. R. Civ. P. 11, or 28 U.S.C. § 1927."

*Id.*

Here, giving Plaintiff the benefit of the doubt, perhaps the case was not frivolous at its inception. However, once UPS sent Ms. Robertson the Letter outlining the law on the subject, this claim became frivolous. Therefore, UPS is entitled to its attorneys' fees from that point forward. All of the fees outlined in Exhibit 4 are reasonable and were incurred in defending this frivolous lawsuit.

**VI.   Conclusion**

Defendant United Parcel Service, Inc., respectfully requests the Court enter an award ordering Plaintiff and Plaintiff's Counsel Ms. Robertson, jointly and severally, to pay Defendant $238,111.00 in attorneys' fees, and award UPS any other relief the Court deems just and proper.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
/s/  Shelley I Ericsson
Shelley I. Ericsson, KS #19098
Colin J. Finnegan, KS #28647
700 West 47th Street, Suite 500
Kansas City, MO 64112
Phone:  816.471.1301
Facsimile:  816.471.1303
Email:  shelley.ericsson@ogletree.com
Email:  colin.finnegan@ogletree.com
**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 13th day of September, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and sent notification of such filing to the following:

| | |
|---|---|
| Katrina Y. Robertson<br>KATRINA Y. ROBERTSON, LLC<br>1101 Walnut Street, Suite 203<br>Kansas City, MO  64106<br>Phone:  816.885.4974<br>Facsimile:  816.817.4964<br>Email:  kyr@kyrobertsonlaw.com | Jonathan Sternberg<br>JONATHAN STERNBERG, ATTORNEY, PC<br>2323 Grand Boulevard, Suite 1100<br>Kansas City, MO 64108<br>Phone:  816.292.7020<br>Facsimile:  816.292.7050<br>Email:  jonathan@sternberg-law.com |

**ATTORNEYS FOR PLAINTIFF**

 /s/ Shelley I. Ericsson
 **ATTORNEY FOR DEFENDANT**