# EXHIBIT 1

# Ogletree Deakins

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*Attorneys at Law*

4520 Main Street, Suite 400
Kansas City, MO 64111
Telephone:  816.471.1301
Facsimile:   816.471.1303
www.ogletree.com

Shelley I. Ericsson
(816) 410.2222
shelley.ericsson@ogletree.com

Claudia M. Tran
(816) 410.2215
claudia.tran@ogletree.com

January 26, 2022

**Via Email**

Spencer J. Webster
Webster Law, LLC
4310 Madison Avenue, Suite 100
Kansas City, MO  64111
swebster@sjwebsterlaw.com

David R. Smith
David R. Smith, P.C.
4310 Madison Avenue, Suite 100
Kansas City, MO 64111
david@dsmith-law.com

RE:   *Stewart v. United Parcel Service, Inc.*
U.S. District Court, District of Kansas, Case No. 2:20-cv-02461-JAR-GEB

Dear Mr. Webster and Mr. Smith:

I am writing to put you and your client, Kevin R. Stewart, on notice that his claims against United Parcel Service, Inc. ("UPS") in the above-referenced action are unreasonable, without foundation, and legally insupportable.  Based on Mr. Stewart's grievance history, his current position, and the relevant case law, this case is frivolous because: (1) Mr. Stewart's cannot plead a hybrid § 301 action; (2) Mr. Stewart cannot make out a *prima facie* case of Title VII discrimination or retaliation; and (3) Mr. Stewart cannot claim any damages.

In the course of discovery and the recently scheduled mediation we attended, UPS has provided you with specific evidence that Mr. Stewart's claims are baseless. Should you continue to pursue this action, our client will seek its attorneys' fees and costs as allowed by the Supreme Court in *Christiansburg Garment Co. v. EEOC*., 434 U.S. 412, 422 (1978) (attorneys' fees can be awarded against a plaintiff in an employment case if the "court finds that [plaintiff's] claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so").  Therefore, I request that you inform me – in writing – by February 7, 2022, of your intent to dismiss this action with prejudice.  If the case is not voluntarily dismissed, UPS will seek recovery of all costs and reasonable attorneys' fees incurred defending this meritless action.  Additionally, this letter is not confidential and shall be admissible in evidence for the express purpose of demonstrating that Mr. Stewart and your firm were put on notice that this case was frivolous and without legal basis, yet you decided to continue to pursue it.

**I.     Mr. Stewart cannot Plead a Section 301 Claim**

Mr. Stewart purports to bring a hybrid § 301/unfair representation action against UPS.  *See,* e.g., *Lucas v. Mountain States Tel. & Tel*., 909 F.2d 419, 422 (10th Cir.1990); *Poole v. Southwestern Bell Telephone L.P*., 86 Fed. Appx. 372, 374, 2003 WL 22977647,*2 (10th Cir.

Atlanta ▪ Austin ▪ Berlin (Germany) ▪ Birmingham ▪ Boston ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Dallas ▪ Denver ▪ Detroit Metro ▪ Greenville ▪ Houston
Indianapolis ▪ Kansas City ▪ Las Vegas ▪ London (England) ▪ Los Angeles ▪ Memphis ▪ Mexico City (Mexico) ▪ Miami ▪ Milwaukee ▪ Minneapolis ▪ Montréal (Canada) ▪ Morristown
Nashville ▪ New Orleans ▪ New York City ▪ Oklahoma City ▪ Orange County ▪ Paris (France) ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh ▪ Portland, ME ▪ Portland, OR ▪ Raleigh ▪ Richmond
St. Louis ▪ St. Thomas ▪ Sacramento ▪ San Antonio ▪ San Diego ▪ San Francisco ▪ Seattle ▪ Stamford ▪ Tampa ▪ Toronto (Canada) ▪ Torrance ▪ Tucson ▪ Washington

Spencer Webster and David R. Smith
January 26, 2022
Page 2

2003); *Smith v. Hill's Pet Products, Inc.*, 1990 WL 41405, at *2 (D.Kan., 1990) (citing *McKee v. Transco Products, Inc.,* 874 F.2d 83, 86 - 87 (2d Cir. 1989) ("The law is clear that regardless of who is named as a defendant, a hybrid claim is presented if an employee has a cause of action against both the employer and the union, where the two claims are inextricably linked, and where the case to be proved is the same against both."). However, Mr. Stewart can only pursue this claim against UPS if he can simultaneously prove that he would have obtained a remedy under the CBA but for the union's misconduct. *See Edwards v. International Union, United Plant Guard Workers of America*, 46 F.3d 1047 (10th Cir.) ("Thus, federal law permits an employee to pursue a § 301 action against his employer notwithstanding the outcome or finality of the grievance or arbitration process, provided the employee simultaneously proves he would have obtained a remedy under the agreement but for the union's misconduct.")

Mr. Stewart cannot claim that he would have obtained a remedy under the agreement. Mr. Stewart's Amended Complaint alleges in multiple paragraphs that his grievances were not heard by UPS pursuant to the CBA. (*See* Amend. Complaint, ¶¶ 70, 71, 72, 73, 118, 119, 120). These allegations are patently false, and disingenuous. Particularly egregious is the allegation that "[t]o this day, none of Plaintiff's grievances have been either denied or taken up." (*Id.* at ¶ 70). UPS produced Mr. Stewart's grievances file at UPS 000011-000026, which documents Mr. Stewart's numerous grievances dating back to October 12, 2009. It shows that <u>all</u> of Mr. Stewart's grievances have either been withdrawn, settled, or denied. In particular, we want to draw your attention to Grievance ID 0000402836, which combined 72 of Mr. Stewart's grievances. (UPS KS 000019). The grievances were heard and denied, in their entirety, on September 17, 2015. Crucially, the Missouri-Kansas UPS grievance panel ("MOKAN panel") found <u>no contract violations</u>.

Furthermore, the evidence shows that Mr. Stewart's specific allegations that UPS breached the CBA and that the Union failed to represent him are baseless. The allegations Mr. Stewart makes in Paragraph 27 were also addressed in a grievance Mr. Stewart filed on February 17, 2016. The MOKAN panel heard the grievance September 28, 2017 <u>and denied it</u>. (UPS KS 000022, 000909). Mr. Stewart's remaining allegations contained in Paragraphs 28-66 were specifically addressed <u>and rejected</u> by the NRLB on February 11, 2021 (UPS KS 000906-908). Detrimental to Mr. Stewart's claims, the NRLB found that no breach of the CBA occurred, and that UPS retained discretion on the duties of the position of damage clerk, the manner of bidding, and on whether the damage clerk is a fulltime or part-time position. Further, the NRLB found that Mr. Stewart was appropriately represented, and agreed with the Union's determination that UPS was within its rights to issue Mr. Stewart discipline for disregarding his supervisors' work assignments.

Mr. Stewart's claims that UPS failed to hear his grievances are without merit. It has been repeatedly determined through the grievance process and by the NRLB that UPS consistently acted within its rights as established by the CBA. Please withdraw your claims.

Spencer Webster and David R. Smith
January 26, 2022
Page 3

### II.     Mr. Stewart Cannot Show a *Prima Facie* Case of Discrimination

Mr. Stewart's remaining claims are equally as groundless and UPS is confident the Court will find in its favor because the facts clearly show that Mr. Stewart cannot prove a *prima facie* case of discrimination or retaliation. Critically, Mr. Stewart <u>cannot show any adverse action taken against him</u>. UPS did not fire, fail to promote, reassign Mr. Stewart significantly different responsibilities, or make any decision related to Mr. Stewart's employment based on any protected characteristic that caused a significant change in benefits. (*See Dewitt v. Southwestern Bell Telephone Company,* 845 F.3d 1299, 1308 (10th Cir. 2017); *Reinhardt v. Albuquerque Pub. Sch. Bd. of Educ.,* 595 F.3d 1126, 1133 (10th Cir. 2010)).

At most, Mr. Stewart is complaining that UPS failed to keep him on assignments he preferred and failed to award him a position for which he was ineligible. As you are aware, UPS is not required to adhere to Mr. Stewart's personal preferences, and the fact that he did not get the job he wanted is, alone, not enough to rise to the level of adverse employment action. Courts in the 10th Circuit have consistently rejected retaliation claims where the only alleged "materially adverse employment action" is an employer's decision not to acquiesce to an employee's personal preferences. *See Semsroth v. City of Wichita*, 555 F.3d 1182, 1185 (10th Cir. 2009) (finding employee's subjective preference for transfer insufficient to show materially adverse action for Title VII claim); *McGowan v. City of Eufala*, 472 F.3d 736, 743 (10th Cir. 2006) (rejecting retaliation claim based on denial of shift change because employee "identified no specific rationale for the transfer other than an undefined subjective preference for the change" and "the shifts offered no differences in pay and benefits" or responsibilities).

Furthermore, Mr. Stewart cannot overcome the indisputable fact that UPS awarded the position he wanted to another fulltime, more senior employee <u>who is also African-American</u>. There is plainly no evidence that race played any role in UPS's decision to fill the damage clerk position, and rather, there is ample evidence that UPS relied upon and acted consistently with the CBA. UPS is confident the Court will recognize UPS's reliance on the CBA as a legitimate, non-retaliatory motive for its decision, and will dismiss Mr. Stewart's claims. (*See Traffas v. Cessna Aircraft Co*., 2002 WL 1156026 at *4 (D. Kan. May 22, 2002) (dismissing claims against employer and union where practice was consistent with the CBA and past practices of the employer); *see also Downs v. Jostens, Inc.,* 23 F.Supp.3d 1332, 1339 (D. Kan. 2014) (recognizing that adherence to the CBA is a legitimate, non-discriminatory motive for an employer's actions)). Please withdraw your claims.

### III.    Mr. Stewart cannot Claim Damages

As you are aware, Mr. Stewart currently serves in a full-time position. In February 2021, Mr. Stewart bid on a full-time combination position, along with several other employees. Based on the bidding and seniority procedures outlined in the CBA, UPS offered the position to a full-time employee who had more seniority than Mr. Stewart. That employee, however, turned down the position. UPS then offered it to Mr. Stewart (in accordance with the CBA). Stewart accepted the position on May 18, 2021, and is in that role today.

Spencer Webster and David R. Smith
January 26, 2022
Page 4

Mr. Stewart was not eligible for a fulltime position prior to May 18, 2021. Despite the completion of written discovery and a court-ordered mediation, you have not brought forth any evidence indicating that Mr. Stewart was ever the most senior bidder for any position he claims he should have been awarded prior. As UPS awarded Mr. Stewart the very first fulltime position he bid on for which he held the highest seniority, there are no available damages for Mr. Stewart. UPS is confident the Court will agree.

**IV.     Conclusion.**

For the reasons stated above, and based on the evidence that has been brought forth, this case is unreasonable, lacks merit, and is groundless. UPS is willing to afford you and your client until February 7, 2022, to review the cited authority and consider their application to this case. Thereafter, UPS requests that Plaintiff dismiss his claims with prejudice. Kindly advise me – in writing – by close of business on February 7, 2022, if Plaintiff will agree to dismiss his claims with prejudice. If I do not hear from you by February 7, or receive formal process dismissing this case, UPS will begin aggressively defending itself. Those steps will include filing a motion to dismiss, noticing your client's deposition, and ultimately moving for summary judgment. When UPS's motion for summary judgment is granted, it will seek recovery of its costs and attorneys' fees from your client and will use this letter as evidence that you and your client were put on notice that this case was frivolous yet you continued to litigate it.

Sincerely,

Shelley I. Ericsson